[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR CONTEMPT
This case came to this court as a Motion for Contempt dated August 18, 1995. The court heard the witnesses, reviewed the exhibits and reviewed the briefs in rendering this decision.
Having reviewed the stipulation of judgment and its oral amendment of April 17, 1990, copies of both attached hereto, this court finds both were entered as an order designated as pleading #114. The court finds the defendants Virginia and Louis Guimond in willful violation of court orders as follows:
As to Shorefront Park:
1. Paragraph 4D provided the defendants would not maintain a junk yard or motor vehicle junk yard upon either the Shorefront Park or Weed Avenue locations. The court finds that maintaining an unregistered 28 to 35 foot boat on the premises at 30 Shorefront Park is a violation of Paragraph 4D and the Norwalk Screening Regulations. Exhibit A shows the boat. The court finds the boat was on the premises on September 16, 1995. The boat is ordered removed within 30 days of this order.
2. The fifteen foot rowboat maintained on said premises is also in violation of Paragraph 4D and ordered removed within 30 days of this order if it is still on the premises. The defendant Louis Guimond represents it has been removed.
3. The unregistered White Citron automobile is ordered removed from the premises within 30 days as it is found in violation of Paragraph 4D of the court order. CT Page 3462
As of November 20, 1995, the city's witness observed the Citron, the fifteen foot boat, and the 4 x 6 sign were removed.
As to 12 Weed Avenue:
The court finds violations of Paragraph 4 subsections D, E, G, H, I, J, and K as to these premises.
1. Exhibits #1 and #2 show the premises as it existed on October 20, 1995. Depicted is the bed of a truck which is in violation of the Order of the court, Paragraph 4D and 4K. It is ordered removed within 30 days from the date of this order.
2. The pile of soil and mulch shown on Exhibit #3 is found not to be a violation of the court order.
3. The three black boxes shown in Exhibit #4 are found to be in violation of Paragraph 4D and 4K of the Order. They are ordered to be removed within 30 days from the date of this order.
4. Exhibit #5 shows a green conveyor type piece of equipment approximately 20 feet long and sticking up in the air. The court finds it to be in violation of Paragraph 4D and 4K. It is ordered removed within 30 days from the date of this order.
5. Exhibits #6, #8 and #9 show a crane or a backhoe. Mr. Guimond says it is a backhoe. Ms. Rochefort says a crane. It is a large piece of equipment. The equipment is shown in a photograph dated October 23, 1992 (Exhibit #8). It is believed by Ms. Rochefort to be somewhat closer to the property line on that date. Based on this, the court cannot determine that it has consistently been on the premises since October 23, 1992. It is clear that it has been on the premises since October 20, 1995. The court finds this to be in violation of Paragraphs 4D, 4I, and the oral stipulation. It is ordered removed within 30 days from the date of this order.
6. Exhibit #7 shows a bus and camper as of October 23, 1992. A piece of fence used for screening that was present at the time is shown. The fence is not in Exhibit #12 which is dated October 20, 1995, and in its place is an old sofa. The bus is also shown on Exhibit #11.
The court finds that Paragraph 4E required the remaining camper and bus located to be properly screened to the satisfaction CT Page 3463 of the zoning enforcement officer. They clearly are not screened. They are ordered removed. All of the items shown in Exhibit #12, including the camper, the bus, the sofa, and the automobile, are to be removed within 30 days from the date of this order.
7. Exhibit #10 shows a yellow dump truck and a motor vehicle on the premises as of October 20, 1995. They are both found to be in violation of Paragraph 4D. They are ordered removed within 30 days from the date of this order.
8. The court finds no violation of the order concerning home occupation permits as set forth in Paragraph 4C, since the court finds that the City has failed to prove that any home occupations are being conducted on either premises.
9. Although there is a stipulation of facts concerning residents of 12 Weed Avenue and their living units, the court finds that the City has failed to prove the evidence any violations as a result of this occupancy.
The motion for contempt having been duly heard, it is hereby ordered as follows:
1. The defendants are found to be in contempt of court as set forth herein above.
2. The court finds that the defendants have violated the order from October 20, 1995, through the date of the hearing, November 20, 1995, for a total of thirty-two days. The penalty prescribed is $250.00 per day, for a total due to the City of $8,000.00.
3. The court forthwith orders that all violations cease and desist forthwith.
4. The court orders the defendant to pay counsel fees of the plaintiff pursuant to § 8-12 of the Connecticut General Statutes which provides that the court shall allow the municipality its cost together with reasonable attorney's fees to be taxed by the court.
The court sets this down for a hearing on the attorneys' fees and costs at the mutual convenience of the parties, subject to the court's schedule.
KARAZIN, J. CT Page 3464
EXHIBIT A
STIPULATION OF JUDGMENT
The parties in the above-entitled matter stipulate and agree that judgment shall enter in the above-entitled matter as follows:
1. That judgment shall enter in favor of the Plaintiffs as against the Defendants as to Counts First, Second, Third, Fourth, Fifth, Sixth, Seventh and Eighth (the issues and causes of action raised by the Ninth Count are not affected by this Stipulation);
2. A temporary and permanent injunction shall issue enjoining the Defendants from further violations of the Norwalk Zoning Code and State Statutes and requiring compliance with the Notices of Violation and Order to Comply issued by the Department of Code Enforcement by the removal of all such violations;
3. By this Stipulation it is expressly found that the Defendants have violated the Norwalk City Code and the State Statutes as set out in the Complaint. However, the Plaintiff, City of Norwalk, hereby waives any and all right it now has or may have to seek any fees, fines and/or penalties subject to the Defendants' compliance with the terms, conditions and provisions of this Stipulation as set forth below pursuant to the schedules established herein. It is acknowledged that if the Defendants fail to comply and/or fail to continue to comply with the provisions of this Stipulation or of the State Statutes and Norwalk City Code they shall be subject to the State penalties as provided under § 8-12 of the Connecticut General Statutes. Further, in such instance, the Defendants shall be subject to any and all City Code fines, penalties and fees as set forth in Norwalk City Code § 118-1460 retroactive to the date of the acceptance by the Court of this Stipulation of Judgment;
4. In addition to the foregoing, to comply with State and City Zoning Codes, the Defendants hereby agree to perform the following:
 A. Defendants are to seek and receive a building permit for the satellite dish antenna located at the Shorefront Park location within thirty (30) days;
 B. Defendants are to construct, in accordance with sound building practices, a railing for their deck CT Page 3465 at the Shorefront Park residence and to seek and receive a building permit for same within thirty (30) days;
 C. Defendant's are to apply for and receive home occupation permits for the Shorefront Park residence for the following home occupations: Defendant Louis Guimond's boat yard and newspaper business; Defendant Virginia Guimond's decoration business; and Defendants' son's landscaping business. In addition, the Defendants represent to this Court, under oath, subject to the penalties of perjury, that they do and shall maintain an office for said businesses at 5 Elmcrest Terrace in Norwalk, Connecticut and that said businesses are attended to by the Defendants at their residence, if at all, only through the use of a telephone which rings through from their Elmcrest Terrace office. At no time is there to be maintained at their residence any office for any of their businesses. In addition, Defendants represent that only those businesses as set forth herein are being operated and/or monitored by the Defendants and their relatives or occupants of their home in said residence. It is further agreed and expressly represented to the Court by the Defendants that their son, Robert Guimond, is a resident of the Shorefront Park location. It is expressly agreed that he may be allowed to operate his landscaping business from the Shorefront Park location upon the following terms and conditions: only for as long as he is a resident of the Shorefront Park location, that the Defendants are to be allowed only one truck under one ton at the location; that said single truck is to be parked on the premises only and is not to be parked at any time upon the public way or sidewalk; and no equipment, stock and trade, or other trucks, flatbeds, pieces of machinery are to be stored upon the premises;
 D. Defendants agree not to maintain a junkyard or motor vehicle junkyard (as defined by Connecticut General Statutes) upon either the Shorefront Park or Weed Avenue locations. Further, Defendants agree that all parts and/or pieces of machinery, equipment, construction materials, pieces of metal, cables, CT Page 3466 spools, wire, sheet metal, piping, tubing, etc. are to be moved from their yards within thirty (30) days to the satisfaction of the Zoning Officer and not to be returned;
 E. That the remaining camper and bus located at the Weed Avenue location are to be properly screened (per the satisfaction of the Zoning Officer) by September 1, 1990 and are to remain at all times fully registered;
 F. Defendants represent that the red Datsun previously located on the property has been removed and shall not be returned to the premises;
 G. That one backhoe has been removed from the back lot of the Weed Avenue premises and has been stored in the garage and shall continue to be stored in the garage by the Defendants at all times;
 H. That a second backhoe is to be removed totally from the Weed Avenue location by December 31, 1990;
 I. That the crane is to be totally removed from the Weed Avenue location by December 31, 1990 and it is expressly agreed that it is not to be moved to any other of the Defendants' property located in Norwalk;
 J. That the pickup truck body and cab are to be recoupled and to be properly screened. Further, it is agreed that said pickup truck and/or its parts and pieces are to be wholly removed from the Weed Avenue location by December 31, 1990;
 K. Further, it is agreed that any and all other pieces of functional equipment are to be removed to the back of the garage and properly screened by the Defendants within (90) days and that all other non-functional pieces of equipment and/or junk are to be removed by the Defendants within (90) days.
5. Pursuant to the foregoing it is hereby agreed that judgment shall enter in the above-entitled matter as set forth herein. CT Page 3467
THE PLAINTIFF
By M. Jeffry Spahr
THE DEFENDANTS
By Harry H. Hefferan
CITY OF NORWALK SUPERIOR COURT
v. J.D. STAMFORD/NORWALK
VIRGINIA GUIMOND, ET AL AT STAMFORD
CV 90 0106206 4-17-90
ORDER
Stipulation entered in accordance with the foregoing: The following oral addition are approved by the court and entered as an order: The broken backhoe shall be removed from the premises and the other backhoe shall be put in the garage. If it doesn't fit it should be placed behind the garage and screened. It is so ordered.
BY THE COURT
(Coppeto, J.)
_____________________ Asst. Clerk